**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DENNIS DIXEY, | No. 07-35782 |
| Petitioner - Appellee, | D.C. No. 07-cv-00101-MFM |
| v. |  |
| J. E. THOMAS, Warden, FCI-Sheridan, | MEMORANDUM[*] |
| Respondent - Appellant. |  |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

The Warden appeals from the district court's judgment granting Dennis

Dixey's 28 U.S.C. § 2241 petition for writ of habeas corpus. We have jurisdiction

under 28 U.S.C. §§ 1291 and 2253, and we reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Warden contends the district court erred by concluding 1) that the Bureau of Prisons ("BOP") unlawfully modified Dixey's restitution schedule by setting the terms for his participation in the Inmate Financial Responsibility Program ("IFRP"), and 2) that Dixey's participation in the IFRP was involuntary. We held in an intervening case that where the district court has properly set a restitution repayment schedule as required by the Mandatory Victims Restitution Act, "the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's participation in the IFRP." *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008). In *Lemoine*, we also rejected the petitioner's argument that his participation in the IFRP was involuntary, reasoning that he did not have a preexisting right to receive any of the benefits conditioned on his participation in the IFRP during his incarceration. *Id*. at 1046. Because the district court did not have the benefit of *Lemoine* at the time of its decision, we reverse and remand for further proceedings in light of this disposition. *See id*. at 1050-51.

**REVERSED and REMANDED.**

07-35782